UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES JUNIOR BARBER,

    Plaintiff,

v.                                                          Case No. 3:16cv64-LC-CJK

DENIS A. VILCHEZ,

    Defendants.
_____/

REPORT AND RECOMMENDATION

The undersigned entered an order (doc. 13) directing the United States Marshals Service ("USMS") to serve defendant with the summons and amended complaint by mailing the documents to the special process server at Walton Correctional Institution ("Walton CI"), where plaintiff indicated defendant was employed. The summons was returned unexecuted for the stated reason "have no contact information for this person." Doc. 15, pg.1. On the summons itself was written the additional notation: "Dr. Vilchez does not work @ Walton or with Dept." Doc. 15, p. 2. The undersigned entered another order (doc. 16) requiring the Office of the General Counsel for the Florida Department of Corrections ("FDOC") to either

Case No. 3:16cv64-LC-CJK

(1) inform the court of an institutional address for defendant so the court could specially appoint a process server to effect service at that institution; (2) inform the USMS in confidence of a non-institutional or home address for service; (3) enter an appearance on defendant's behalf; or (4) advise the court that none of those alternatives was possible. The FDOC filed a notice (doc. 18) providing defendant's last known address and indicating he was no longer employed by the FDOC. A summons was reissued (doc. 17) and return unexecuted, with an indication the house was vacant and for sale (doc. 19).

The undersigned thus entered an order (doc. 22) noting the court and USMS have made reasonable efforts to serve the defendant and advising that unless plaintiff can provide an address at which the USMS can effectuate service upon the defendant, plaintiff's claims will be dismissed. The undersigned allowed plaintiff 14 days in which to either (1) submit an address at which defendant can be served; or (2) show cause why the claims against defendant should not be dismissed for failure to effect timely service. After plaintiff failed to respond within the time allowed, the undersigned entered a Report and Recommendation (doc. 23), recommending the case be dismissed. Plaintiff filed an objection to the Report and Recommendation (doc. 24), beyond the 14 days allowed, indicating he had provided alternate addresses for

defendant. The court, however, never received plaintiff's submission. Nevertheless, the court made a final effort to serve defendant on plaintiff's behalf, at the addresses provided. Again, service was returned unexecuted. *See* doc. 28.

The court has made more than reasonable efforts to effect service of process on the defendant, but the defendant simply cannot be located. Plaintiff's complaint, therefore, must be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to timely effect service of process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 12th day of April, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:16cv64-LC-CJK

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:16cv64-LC-CJK